```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
FAUSTO FERNANDEZ,                                                 :
                                                                  :
                                  Plaintiff,                      :
                                                                  :         **MEMORANDUM**
                      - against -                                 :         **DECISION AND ORDER**
                                                                  :
ON TIME READY MIX, INC.,                                          :         14 Civ. 4306 (BMC)
                                                                  :
                                  Defendant.                      :
                                                                  :
----------------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff commenced this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the New York Minimum Wage Act, and New York Labor Law, seeking unpaid overtime compensation from Defendant On Time Ready Mix, Inc. ("On Time"). Plaintiff was employed by On Time as a truck driver from approximately the end of 2012 until April 2014. Presently before the Court is plaintiff's Motion [23] to Certify FLSA Collective Action, which seeks conditional certification as a collective action under Section 216(b) of the FLSA and court-authorized notice to all similarly situated drivers employed by Defendant from August 18, 2011 to the present. To facilitate such notice, plaintiff also moves for an order directing defendant to provide a list of the names and addresses of potential collective action members.

Plaintiff has not met even the minimal standard for obtaining approval for court-authorized notice, and his motion is therefore denied.

Under the FLSA, an employee may bring a collective action on behalf of himself and others "similarly situated" provided that any employee wishing to join the action gives written consent to the court. See 29 U.S.C. § 216(b). The Second Circuit has held that district courts

may facilitate FLSA collective actions by authorizing the distribution of notice to any potential plaintiffs to inform them of their ability to opt in to the collective action. See Myers v. Hertz Corp., 624 F.3d 537, 554 (2d Cir. 2010).

A district court may authorize an opt-in notice for a collective action if the plaintiff has demonstrated that the potential collective action members are "similarly situated" with respect to the alleged FLSA violation. See id. at 555; Cohen v. Gerson Lehrman Grp., Inc., 686 F.Supp.2d 317, 326 (S.D.N.Y. 2010). Although the FSLA does not explicitly define the phrase "similarly situated," the Second Circuit has held that plaintiffs can meet this burden by making a "'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" Myers, 624 F.3d at 555 (quoting Hoffman v. Sbarro, 982 F.Supp. 249, 261 (S.D.N.Y. 1997)). The Second Circuit and numerous district courts within it have acknowledged that the plaintiff's burden at this initial stage is minimal. See id.; Sobczak v. AWL Indus., Inc., 540 F.Supp.2d 354, 362 (E.D.N.Y. 2007).

Courts do not require proof of an actual FLSA violation by the employer. Instead, a plaintiff must show "a factual nexus . . . between the plaintiff's situation and the situation of other potential plaintiffs." Sobczak, 540 F.Supp.2d at 362 (internal citations omitted). This preliminary determination is often based on pleadings, affidavits, and declarations submitted by the party seeking conditional certification. See Moore v. Eagle Sanitation, Inc., 276 F.R.D. 54, 58 (E.D.N.Y. 2011). Employee affidavits must set forth "a defendant's plan or scheme to not pay overtime compensation" and must identify "by name similarly situated employees." Sobczak, 540 F.Supp.2d at 362.

Here, plaintiff fails to meet even this relaxed standard. Plaintiff's declaration alleges only that "all of the drivers employed by the Defendant" were subject to defendant's policies not

to pay overtime compensation and that he learned these facts from conversations with some of those drivers.  However, plaintiff does not identify any of the other similarly situated employees by name, instead referring to them as "drivers" or "co-workers."  Such omission is fatal to plaintiff's motion.  See Khan v. Airport Mgmt. Servs., LLC., No. 10 Civ. 7735, 2011 WL 5597371, at *4-5 (S.D.N.Y. Nov. 16, 2011) (rejecting plaintiff's motion for conditional certification where plaintiff alleged personal knowledge that "[defendants] hired at least 40 . . . similar newsstand workers," but where plaintiff did not identify those workers by name or specify the source for his claim); Jin Yun Zheng v. Good Fortune Supermarket Grp. (USA), Inc., No. 13-cv-60, 2013 WL 5132023, at *5 (E.D.N.Y. Sept. 12, 2013) (finding that plaintiff did not meet the conditional certification standard for, among other reasons, failing to identify a single employee that suffered the same illegal policies).

The reason for requiring at least some specific information is obvious.  There is no way to test what plaintiff has stated.  We might as well just take his word for it that he has talked to some number of unnamed other workers, made his own evaluation of what they have told him, and authorize the sending of notice on his say-so.  But minimal as the test is, it is more than that.  Plaintiff's conclusory reference to conversations with other unnamed drivers about defendant's allegedly illegal practices, without more, does not allege that even one other driver employed by defendant was actually subject to the same allegedly illegal practices.  The paucity of information about these conversations, including who plaintiff spoke to and what they discussed, underscores that plaintiff has not established a "factual nexus" between his situation and that of the other drivers, none of whom may actually have been victims of defendant's allegedly illegal policies.

It is one thing to allow hearsay on this kind of motion. It is quite another to allow hearsay coupled with vague generalities and conclusions that give no information at all about the employer's practices towards others. Plaintiff's motion would effectively eliminate any standard of proof for collective action notice. The law is not that lenient.

**SO ORDERED.**

                                                                                     U.S.D.J.

Dated: Brooklyn, New York
       October 4, 2014